UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY JAMES,<br><br>    PLAINTIFF,<br><br>v.<br><br>DONALD VAUGHN,<br><br>    DEFENDANT. | CIVIL ACTION<br><br>No. 07-392 |

**MEMORANDUM/ORDER**

Now before the court is petitioner Johnny James's motion to reopen *James v. Zimmerman*, Civil Action No. 88-6494, pursuant to Federal Rule of Civil Procedure 60(b).[1] *James v. Zimmerman* is a habeas action that was closed on September 12, 1994 (No. 88-6494, Docket # 43) following the Third Circuit's entry of a judgment affirming this court's order of December 21, 1993 (No. 88-6494, Docket # 38), which denied James's petition for a writ of habeas corpus.

Rule 60(b) provides six bases for relief from a judgment. It also provides that motions for relief "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. Pro. 60(b).

---

[1] Rule 60(b) authorizes a court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding."

The factual allegations contained in petitioner's motion appear to invoke Rule 60(b)(3), which authorizes a court to grant relief on account of "fraud . . . misrepresentation, or other misconduct of an adverse party." *See, e.g.*, Docket # 1 at 2 (stating that "a fraud has been committed"); *id.* at 4 (alleging that "fraud was committed in this court"); *id.* at 10 (same).  However, the motion was filed thirteen years after the order denying James's habeas petition, and twelve years after the Third Circuit's decision affirming this order.  Hence, under Rule 60(b), petitioner's motion to reopen Civil Action No. 88-6494 must be denied as untimely. *Cf.* Fed. R. Civ. Pro. 6(b) (providing that a court "may not extend the time for taking action under rule[] . . . 60(b), except to the extent and under the conditions stated [therein]").[2]

Accordingly, this 12 day of March, 2007, it is hereby **ORDERED** that petitioner Johnny James's motion to reopen pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.

---

[2] Petitioner is also unable to obtain relief under Rule 60(b)(6).  Rule 60(b)(6) authorizes a court to grant relief for "any other reason justifying relief from the operation of the judgment." However, as the Third Circuit observed in *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975), Rule 60(b)(6) "is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented" but, rather, "is available only in cases evidencing extraordinary circumstances."